```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

HILARY CYRIL,                       :
      Petitioner
                                        :

        vs.                         :     CIVIL NO. 1:CV-05—2658

                                        :
BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.,        :
      Respondents


*M E M O R A N D U M*

I.   *Introduction.*

On December 27, 2005, the petitioner, Hilary Cyril, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention and seeking release.  He relies on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).  Cyril is a citizen of St. Lucia and is under a final order of removal to his native country.

We are considering the report of the magistrate judge, who recommends that the petition be denied.  Cyril has filed objections to the report, and the government has filed a response to the objections.

II.   *Discussion*.

The detention, release, and removal of aliens subject to a final order of removal are governed by the provisions of 8 U.S.C. § 1231, INA § 241.  Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United States after an order of removal becomes final.  During this "removal period," detention of the alien is mandatory.  *See* 8 U.S.C. § 1231(a)(2).

After the ninety-day period, if the alien has not been removed and remains in the United States, his detention may be continued, or he may be released under the supervision of the Attorney General.  *See* 8 U.S.C. §§ 1231(a)(3) and (6).  Under section 1231(a), ICE may detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but under *Zadvydas* indefinite detention is not authorized.  In *Zadvydas*, the Supreme Court defined six months as a presumptively reasonable period of detention.  533 U.S. at 701, 121 S.Ct. at 2505, 150 L.Ed.2d at 674.  After this six-month period, an alien must be released if he provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  If he makes this showing, ICE must rebut it and show that there is indeed a significant likelihood of removal in the reasonably foreseeable future to keep him in custody.  *Id.*

In Cyril's case, his removal order became final on June 15, 2005, about ten months ago, when he abandoned his administrative appeal. He has not yet been removed to St. Lucia, and he represents in his objections that he has contacted the St. Lucian consulate on a regular basis from September 2005 through March 23, 2006, and was told that no travel documents would be issued. Hence, he argues that he has met his burden of showing that his removal is not likely in the reasonably foreseeable future and that he is entitled to release.

We will deny the petition. In its response to the objections, the government has submitted the penalty-of perjury declaration of Ashly M. Ivery, a detention and deportation officer, whose responsibilities include obtaining travel documents. She affirms that she contacted Ms. Martha Smith, Vice Consul of St. Lucia in New York, on April 12, 2006.[1] The Vice Consul told Ivery that "the Consulate is prepared to issue a travel document for Cyril as soon as a current document request package and itinerary is provided to them." (Doc. 13, Ex. A). Ivery also affirms that the "Department of Homeland Security will begin immediately to fulfill the above requests of the St. Lucian government." (*Id.*).

---

[1]ICE had made earlier contacts with the Consulate. (Doc. 7, Ex. F).

The government argues that there is thus a significant likelihood of Cyril's removal from the United States in the reasonably foreseeable future and he is not entitled to release under *Zadvydas*. We agree. We add, however, that if events demonstrate that Cyril has not been removed in the reasonably foreseeable future, he may file a new 2241 petition challenging his continued detention.[2]

We will issue an appropriate order.

                    /s/William W. Caldwell
                    William W. Caldwell
                    United States District Judge

Date: May 11, 2006

---

[2] In his petition, Cyril also challenges the periodic reviews of his detention he has received under agency regulations. We see no need to resolve this claim given that it appears Cyril will be removed to St. Lucia in the reasonably foreseeable future.

4

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HILARY CYRIL,                     :
        Petitioner
                                  :

        vs.                       :    CIVIL NO. 1:CV-05—2658

                                  :
BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.,      :
        Respondents
```

O R D E R

AND NOW, this 11th day of May, 2006, upon consideration of the magistrate judge's report (doc. 9) of March 21, 2006, and the objections thereto, it is ordered that:

    1.  The magistrate judge's recommendation is accepted.

    2.  The petition under 28 U.S.C. § 2241 is denied.

    3.  The Clerk of Court shall close this file.

                                                /s/William W. Caldwell
                                                William W. Caldwell
                                                United States District Judge